Salvador QUEZADA–MURO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–73980.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2006.*

Decided June 16, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suit-

Gary Finn, Esq., Law Offices of Gary Finn, Indio, CA, for Petitioner.

District Director, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Norah Ascoli Schwarz, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMAS and GOULD, Circuit Judges, and SCHWARZER,** District Judge.

## MEMORANDUM ***

Salvador Quezada–Muro petitions for review of the Legalization Appeals Unit's (LAU) dismissal of his appeal from the INS's denial of his application for legal temporary residence as a Special Agricultural Worker (SAW) under 8 U.S.C. § 1160. We deny the petition for review.

On appellate review, the LAU's determinations "shall be conclusive unless the applicant can establish abuse of discretion or that the findings are directly contrary to clear and convincing facts contained in the record as a whole." 8 U.S.C. § 1160(e)(4). The LAU's determinations were neither an abuse of discretion nor are they directly contrary to the facts contained in the record. An applicant for SAW benefits whose initial qualifying evidence is negated by the government "is required to provide [ ] enough evidence so that the evidence before the adjudicator, viewed as a whole, is 'sufficient to show [qualifying] employment as a matter of just and reasonable inference." *Perez–Martin v. Ashcroft,* 394 F.3d 752, 759–60 (9th Cir.2005) (quoting 8 U.S.C. § 1160(b)(3)(B)(iii)). The evidence tendered by Quezada does not satisfy that standard. Quezada's original application was supported by an affidavit from John Johnson. Johnson was later convicted in federal court of creating and selling fraud-

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ulent affidavits to SAW applicants, when in fact he had never supervised agricultural laborers. When the INS informed Quezada of its intent to deny his application on this basis, Quezada did not explain the discrepancy between his claim and the government's evidence of Johnson's conviction, but re-asserted that his original application was accurate, and also claimed to have completed other previously unmentioned qualifying employment, supported by a different affidavit signed by a different affiant. It was not an abuse of discretion, nor was it contrary to the facts established in the record, for the LAU to uphold the INS's conclusion that this evidence failed to rebut the government's evidence and to establish a credible claim. *Id.* at 758–60.

**PETITION DENIED.**